UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MILAGROS LUCENA-VALLE,

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, MILAGROS LUCENA-VALLE (hereinafter "LUCENA" or "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA") and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132(f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. LUCENA brings this action to recover long-term disability ("LTD") benefits coverage due to her under the terms of employee welfare benefit plans, to enforce her rights under the plans and to clarify her rights to benefits under the terms of plans.

2. LUCENA is at all times relevant a citizen of the United States of America and is in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida, it can be found in the Southern District of Florida.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

5. LUCENA was at all times material an employee of Sunset Park Health Counsil ("Sunset")

6. LUCENA was at all times material a plan participant under the Sunset Long Term Disability Plan, Group Policy Number NYK-980022 (the "LTD Plan") which is established by Sunset and pursuant to which LUCENA is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

7. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

8. LINA is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

9. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

10. LINA is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on LUCENA's claim at issue.

11. Pursuant to the terms and conditions of the LTD Plan, LUCENA is entitled to LTD benefits for the duration of her disability, or until age 65, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

**Definition of Disability/Disabled**
The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 80% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability.

13. At all relevant times, LUCENA has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

14. Since approximately May 7, 2020, LUCENA has been disabled under the terms of the LTD Plan.

15. At all relevant times, LUCENA was a Covered Person under the LTD Plan.

16. Shortly after becoming disabled under the terms of the LTD Plan, LUCENA made a claim to LINA for disability benefits.

17. By letter dated September 3, 2020, LINA informed LUCENA that it was unable to approve her claim for benefits and informed her that she could appeal the decision.

18. LUCENA properly and timely appealed LINA's adverse determination.

19. By letter dated October 21, 2021, LINA affirmed its adverse determination and advised LUCENA that she could bring a legal action for benefits under ERISA.

20. Since LUCENA continues to be disabled under the terms of the LTD Plan, LUCENA has been owed disability benefits under the LTD Plan since September 3, 2020.

21. From September 3, 2020 to the present date, LUCENA has not received benefits owed to her under the LTD Plan, despite LUCENA's right to these benefits.

22. At all relevant times, LINA was the payer of benefits.

23. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

24. At all relevant times, LINA was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

25. At all relevant times, LUCENA has been and remains Disabled and entitled to LTD benefits from LINA under the terms of the LTD Plan.

26. Pursuant to 29 U.S.C. §1132(a)(1)(B), LUCENA, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

27. LUCENA has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer due to LINA's failure to pay her disability benefits.

28. LUCENA has exhausted all administrative remedies under the LTD Plan.

29. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a)    Failing to pay LTD benefit payments to LUCENA at a time when LINA knew, or should have known, that LUCENA was entitled to those

    benefits under the terms of the LTD Plan, as LUCENA was disabled and unable to work and therefore entitled to benefits.

    (b)    Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of LUCENA's claim for LTD benefits;

    (c)    After LUCENA's claim was denied in whole or in part, LINA failed to adequately describe to LUCENA any additional material or information necessary for LUCENA to perfect her claim along with an explanation of why such material is or was necessary.

    (d)    LINA failed to properly and adequately investigate the merits of LUCENA's disability claim and failed to provide a full and fair review of LUCENA's claim.

30. LUCENA believes and thereon alleges that LINA wrongfully denied her claim for disability benefits under the LTD Plan by other acts or omissions of which LUCENA is presently unaware, but which may be discovered in this future litigation and which LUCENA will immediately make LINA aware of once said acts or omissions are discovered by LUCENA.

31. Following the termination of benefits under the LTD Plan, LUCENA exhausted all administrative remedies required under ERISA and LUCENA has performed all duties and obligations on her part to be performed under the LTD Plan.

32. As a proximate result of LINA's wrongful conduct, LUCENA has damages for loss of disability benefits in a total sum to be shown at the time of trial.

33. As a further direct and proximate result of this improper determination regarding LUCENA'S claim for benefits, LUCENA, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), LUCENA is entitled to have such fees and costs paid by LINA.

34. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, LUCENA is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, MILAGROS LUCENA-VALLE prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: April 26, 2022

          ATTORNEYS DELL AND SCHAEFER,
          CHARTERED
          Attorneys for Plaintiff
          2404 Hollywood Boulevard
          Hollywood, FL 33020
          (954) 620-8300

*S/ Rachel Alters*

RACHEL ALTERS, ESQUIRE
Florida Bar No:106232
Email: Rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com